IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:11cv285-GCM[1]
(3:09cr199)

| | |
|---|---|
| ALEXANDER QUINTERO-HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2003, Petitioner was indicted for illegal reentry of deported alien/aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Case No. 3:09cr199, Doc. 1.) On December 21, 2009, Petitioner entered a straight up guilty plea to the charge. Id. at Doc. 8. Judgment was entered on November 29, 2010, and the Court sentenced Petitioner to 46 months imprisonment and three years of supervised release. Id. at Doc. No. 14. Petitioner did not file a direct appeal. On June 10, 2011, Petitioner timely filed the instant Motion to Vacate. (Doc. 1.)

## II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs the district court

---

[1]This case has been reassigned to the Honorable Graham C. Mullen, Senior United States District Judge, as the Honorable Frank D. Whitney currently is out of the district for an extended period. See 3:11mc67-W, Doc. 1.

assigned a § 2255 motion to examine it promptly. When it plainly appears from any such motion and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rules Governing Section 2255 Proceedings for the United States District Court, Rule 4(b). For the reasons stated herein, Petitioner's motion shall be dismissed.

### A. Vienna Convention on Consular Rights (Grounds One and Two)

Petitioner, a Mexican national, contends that the government violated Article 36 of the Vienna Convention on Consular Rights (Vienna Convention or Convention) when it failed to advise him of his consular notification and communication rights. Article 36 of the Convention requires that when a national of one country is detained by authorities in another, the authorities must notify the consular officers of the detainee's home country if the detainee so requests. Article 36(1)(b), Vienna Convention on Consular Relations, Apr. 24, 1963, [1970] 21 U.S.T. 77, 101, T.I.A.S. No. 6820. Article 36(1)(b) further states that the detainee shall be informed of his rights under the Convention without delay. Id.

The law is unsettled as to whether the Vienna Convention confers individually enforceable rights on a defendant. See Sanchez–Llamas v. Oregon, 548 U.S. 331, 343 (2006) (declining "to resolve the question whether the Vienna Convention grants individuals enforceable rights"); compare Gandara v. Bennett, 528 F.3d 823, 826-29 (11TH Cir. 2008); Cornejo v. County of San Diego, 504 F.3d 853, 863 (9th Cir. 2007) (holding the Vienna Convention does not confer "a privately enforceable right to be notified"); United States v. Jimenez-Nava, 243 F.3d 192, 198 (5th Cir. 2001). (same); and United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001) (same), with Jogi v. Voges, 480 F.3d 822, 831-35 (7th Cir. 2007). The Fourth Circuit has expressed skepticism that Article 36 confers individual rights, but only in dicta. United States v. Al-Hamdi, 356 F.3d 564, 574 n.13 (4th Cir. 2004) (opining that it

2

is "doubtful" that the [Vienna Convention] creates individual rights for violations of consular notification).

Assuming for the sake of argument that it does, however, Petitioner cannot show that he was prejudiced by the Government's failure to notify him of his rights under the Vienna Convention. As the Supreme Court has observed, the Convention merely provides for consular notification of a foreign national's arrest; it does not guarantee intervention by the consulate. Sanchez-Llamas, 548 U.S. at 349. Furthermore, petitioner fails to identify how contacting the Mexican consulate would have changed either his guilty plea or sentence.

Petitioner's ineffective assistance of counsel claim, to the extent that he raises one, suffers from the same flaw. In Strickland v. Washington, the Supreme Court articulated a two-pronged test to determine whether "counsel's assistance was so defective as to require reversal of a conviction or death sentence." 466 U.S. 668, 687-88 (1984). A petitioner first must show that counsel's representation was deficient and must next show that counsel's errors prejudiced the defense so seriously "as to deprive the Defendant of a fair trial, a trial whose result is reliable." Id. at 687.

To demonstrate prejudice, a petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Where a defendant has entered a plea of guilty, he must show that but for counsel's unprofessional errors, a reasonable defendant would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Even assuming deficiency on the part of counsel for neglecting to advise Petitioner of his rights under the Vienna Convention, Petitioner fails to identify how counsel's inaction worked to

3

his actual or substantial disadvantage. Murray, 477 U.S. at 494. In other words, he does not articulate why a reasonable defendant in his position would not have pled guilty and would have insisted on going to trial if he had known of his rights under the Virginia Convention. See Hill, 474 U.S. at 59.

### B. Sentence Challenge (Ground Three)

Petitioner states that,

> No count of conviction carries a mandatory minimun [sic] sentence while the sentence is in within an advisory guideline range that is not greater than 24 months, and that the fact is the court did not find no reason to depart. A two year sentence should be enough for no crime ever committed by the defendant.

(Doc. 1 at 8.) To the extent that Petitioner is attempting to state a claim for relief, his statement is incomprehensible and fails to meet § 2255 pleading requirements. See Rules Governing Section 2255 Proceedings, Rule 2. Presuming, however, that Petitioner is attempting to challenge his sentence, his claim is procedurally defaulted.

Generally, claims that could have been, but were not, raised on direct review are procedurally barred by default. See United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (citations omitted). In order to collaterally attack a conviction or sentence based upon alleged errors that could have been pursued on direct appeal but were not, a petitioner must show cause and actual prejudice resulting from the errors complained of, or that he is actually innocent. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citations omitted).

Although Petitioner asserts that his claims were not raised due to counsel's ineffectiveness, this conclusory assertion falls far short of establishing "cause" for his procedural default. See Murray v. Carrier, 477 U.S. at 486 ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it,

4

does not constitute cause for a procedural default."). Petitioner did not directly appeal his conviction or sentence. He does not allege that counsel failed to file a requested appeal, see United States v. Peak, 992 F.2d 39, 42 (4th Cir.1993), or that counsel failed to inform him of his right to appeal, see Roe v. Flores-Ortega, 528 U.S. 470, 478 , 480-81 (2000). In fact, he has not identified any specific action or inaction on the part of counsel with respect to the appellate process. Consequently, he has not established cause to excuse his default of these claims. Nor has Petitioner demonstrated that he is actually innocent of the charges for which he was sentenced. See Mikalajunas, 186 F.3d at 493 (citation omitted). Therefore, Petitioner's challenge to his sentence is barred by his procedural default.

### III. CONCLUSION

Because it plainly appears from the motion that Petitioner is not entitled to relief, his § 2255 Motion shall be dismissed. Rules Governing Section 2255 Proceedings, Rule 4(b). Furthermore, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue in this case.

Signed: June 15, 2011

Graham C. Mullen
United States District Judge